## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRENNAN GROUP, LLC,              )<br>                                  )<br>     Plaintiff,                  )<br>                                  )<br>  vs.                             )<br>                                  )<br>AMERICAN CONSOLIDATED NATURAL )<br>RESOURCES, INC.,                  )<br>                                  )<br>     Defendant.                  )  | Case No. 4:22-cv-00973-MTS |

### MEMORANDUM AND ORDER

This matter is before the Court on review of the file. The Court finds that Defendant has failed to establish this Court's subject matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Baker v. Martin Marietta Materials, Inc.*, 745 F.3d 919, 923 (8th Cir. 2014) (noting "party seeking removal has the burden to establish federal subject matter jurisdiction"). Defendant removed this action from Saint Louis County Circuit Court claiming that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Doc. [1] ¶ 6; *see also* 28 U.S.C. § 1441(a) (allowing removal of any civil action over which the district courts of the United States have original jurisdiction). Though Defendant gives no subsection, it appears to be advancing diversity jurisdiction under § 1332(a)(1).

In order for this Court to have diversity jurisdiction over this case under § 1332(a)(1), besides the amount in controversy needing to exceed $75,000, Plaintiff must be completely diverse from Defendant in such a way that Plaintiff is not a citizen of any state of which Defendant is a citizen. *Wilkerson v. Mo. Dep't of Mental Health*, 279 F. Supp. 2d 1079, 1080

(E.D. Mo. 2003).  Defendant, though, did not establish Plaintiff's citizenship.  Defendant is correct that, since Plaintiff is a limited liability company, its citizenship is determined by the citizenship of its members.  *See GMAC Com. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004) (holding, for diversity jurisdiction purposes, an LLC's citizenship is the citizenship of all its members).  But Defendant failed to establish the citizenship of the individual it alleges is Plaintiff's "sole member" because Defendant alleged only where the alleged sole member "resides."[1]  Doc. [1] ¶ 9.  Plaintiff did not allege of what state that individual is a *citizen*.  *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017) ("A complaint or notice of removal resting on residency . . . will not establish citizenship for diversity jurisdiction.  This rule is not new." (internal citation omitted)); *see also Hill v. Lowe's Home Centers, LLC*, 1:21-cv-00141-SRC, 2021 WL 8444011, at *4 (E.D. Mo. Nov. 23, 2021) (explaining that alleging only "that the members of [the] LLC 'reside in' North Carolina . . . does not suffice" to establish the LLC's citizenship and remanding action to state court without opportunity to amend).[2]

The Notice of Removal also is defective for at least one other reason.  Defendant was required to prove the parties were diverse "both when the plaintiff initiate[d] the action in state court and when the defendant file[d] the notice of removal in federal court."  *Chavez-Lavagnino v. Motivation Educ. Training, Inc.*, 714 F.3d 1055, 1056 (8th Cir. 2013); *accord Reece v. Bank of*

---

[1] In its Notice of Removal, Defendant lists the full address of the individual it alleges is Plaintiff's sole member. Because that individual is not a party to this case, Defendant must not include the individual's complete address. E.D. Mo. L.R. 2.17(A)(5) ("The home address of a non-party should not appear in any filing.  If a home address must be included, only the city and state may be listed.").

[2] To be sure, Defendant does state that "the Brennan Group is a citizen of the State of Missouri for purposes of diversity jurisdiction." Doc. [1] ¶ 10.  But that conclusory statement cannot, on its own, establish diversity.  *See Villareal v. B&C Contracting Specialist Inc.*, 4:19-cv-2851-RLW, 2020 WL 2088341, at *3 (E.D. Mo. Apr. 30, 2020) ("To establish complete diversity of citizenship, a complaint must include *factual allegations* of each party's state of citizenship[.]" (emphasis added)); *McMahon v. Robert Bosch Tool Corp.*, 4:18-cv-505-CAS, 2018 WL 1744539, at *2 (E.D. Mo. Apr. 11, 2018) (noting plaintiff's "conclusory assertion" was not a "factual allegation sufficient to establish th[e] defendant's citizenship"); *cf. Glick v. W. Power Sports, Inc.*, 944 F.3d 714, 717 (8th Cir. 2019) (noting courts "need not accept as true a plaintiff's conclusory allegations or legal conclusions").

*N.Y. Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (finding removal defective because defendant's notice failed to specify party's citizenship "when the suit was commenced"). Defendant provided no allegations regarding this requirement, which is indispensable to the Court's subject matter jurisdiction in this case.

If Defendant can establish this Court's subject matter jurisdiction, Defendant must file an Amended Notice of Removal to correct the jurisdictional defects the Court has identified herein. *See City of St. Louis v. Bindan Corp.*, 295 F.R.D. 392, 395 (E.D. Mo. 2013). Failure to do so will result in remand. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant shall file an Amended Notice of Removal no later than **Tuesday, September 20, 2022**.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to limit access to the original Notice of Removal, Doc. [1], to case participants only. *See* E.D. Mo. L.R. 2.17(A)(5).

Dated this 16th day of September, 2022.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE